WESLEY D. JACKSON, Pro Ami,

*vs.*

JACKMAN WATER, LIGHT AND POWER COMPANY.

CHARLES W. JACKSON *vs.* SAME.

Cumberland County.    Decided February 5, 1926.    These actions are for damages caused by the alleged negligence of the defendant in supplying polluted water through its public water system, whereby the plaintiff in the first action became ill of typhoid fever, and the other plaintiff incurred expense arising from his son's illness.    They are before the Law Court upon general motions by the defendant for new trials.

The principles involved were fully considered, and must be considered as settled, in *Hamilton* v. *Madison Water Company*, 116 Maine 157; counsel on both sides recognize and adhere to those principles.

It was there held that the burden rests upon the plaintiff to establish three propositions, viz.:

First, that the typhoid fever from which the minor plaintiff suffered was contracted from the use of the water furnished by the defendant.

Second, that the defendant was guilty of negligence in supplying him with such contaminated water.

Third, that the plaintiff exercised due care on his part and was not guilty of contributory negligence.

Upon these issues the cases were submitted to the jury after a trial lasting several days; no exceptions to the rulings or charge of the presiding Justice are presented.    An examination of the long record discloses a trial conducted with all the thoroughness and resourcefulness of able counsel.    The burden of sustaining the motions is upon the defendant; its counsel says upon his brief, "We leave this case with the suggestion that no man knows or can know the source of the plaintiff's infection."    Yet the plaintiffs were able, by testimony tending to eliminate other sources of pollution, by testimony of specific indications pointing to the water supply as the source of pollution, and of specific local conditions leading, or which might lead, to pollution, to satisfy the burden of proof, in the minds of the

jurors, within the rules of proof laid down in the Hamilton case; so, also, with reference to the two other propositions; the case presented by the plaintiffs proved convincing against all counter evidence and suggestions presented by defendant. The record discloses no ground for disturbing the verdicts; the parties must be satisfied with the decision of the jury, the triers of fact. Motions overruled. *Pattangall, Locke & Perkins*, for plaintiffs. *Benedict F. Maher and James L. Boyle*, for defendant.